TotteN, J.,
delivered the opinion of the court.
Motion to correct taxation of costs. The action in which the costs accrued was libel. Defendants pleaded jointly, not guilty, and justification. Yerdict against Samuel Parks for one hundred dollars, and verdict in favor of the ■ other two defendants. Judgment, that the two defendants who were acquitted, go hence and recover of the plaintiff their costs, and that the plaintiff recover of Samuel Parks the one hundred dollars and costs. Two thirds of the costs were taxed against the plaintiff, in favor of the two defendants who wei’e acquitted; and one third in favor of the plaintiff against Samuel Paries, who was convicted of the libel. The Oir- *63 cuit Judge refused to correct the taxation, and executions were issued in conformity thereto.
The Act of 1794, ch. 1, § 74, declares, that, “in all actions, the party in whose favor judgment shall be given, or in case of a non-suit, dismission, or discontinuance, the defendant shall be entitled to full costs,” unless otherwise directed by law. Such is the general rule; and where the judgment is for or against all of the defendants, it is. of simple application. But on a joint defense, where one is acquitted and the other not, the defendant who is acquitted may recover his costs: that is, such as accrued separately, and properly, on account of his being a defendant in the suit. The writ, judgment, and the like, may be separated from the general costs. So, if the testimony of a witness, or other matter in the case, have exclusive reference to the defendant who is acquitted, the costs thereof may be taxed in his favor, and the plaintiff is liable to pay them.
But the plaintiff is entitled to recover of the other defendant who is convicted, the costs of the suit incurred in the joint defense, or otherwise, except only such as may be separated therefrom, as having exclusive reference to the defendant who was acquitted. The costs that are joint cannot be separated, and the plaintiff is entitled to recover them, if he recover against any of the defendants. See 3 Cow. R., 369; 1 Cow. R. 422, for the New York and English rule under similar statutes.
Where the defendants sever and make separate defense, the general rule of the statute plainly applies. The arbitrary rule adopted in the court below, was erroneous. The judgment therein will be reversed, and the taxation of the costs corrected, as indicated in this opinion.
Judgment reversed.